1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   THERESE L. LESHER,                          No.  2:21-CV-0386-KJM-DMC

12                 Plaintiff,

13          v.                                    ORDER

14   CITY OF ANDERSON, et al.,

15                 Defendants.

16

17          Plaintiff, who is proceeding with retained counsel, brings this civil action alleging

18   excessive force and retaliation by three City of Anderson police officers.  Pending before the

19   Court is Plaintiff's motion to compel further discovery responses, ECF No. 44.  The parties have

20   filed a joint statement, ECF No. 45, as well as supporting and opposing declarations, ECF Nos.

21   45-1, 47, 48, 49.  Following a hearing held before the undersigned on July 13, 2022, the matter

22   was submitted.

23          The purpose of discovery is to "remove surprise from trial preparation so the

24   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

25   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

26   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

27   / / /

28   / / /

1

1 | permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

1

# I. BACKGROUND

2

A. **<u>Plaintiff's Allegations</u>**

3

This action proceeds on Plaintiff's original complaint.  <u>See</u> ECF No. 1.  The

4

following summary of facts is recited from the District Judge's June 30, 2021, memorandum

5

order denying Defendants' first motion to dismiss:

6

On or about August 13, 2019, at approximately 12:30 A.M., plaintiff
was sitting on the porch of her apartment building talking with her cousin,
7

Denhene Leach, and two other persons, accompanied by Ms. Leach's dog.
(<u>See</u> Compl. at ¶ 17.) (Docket No. 1.) Several Anderson Police Department
8

vehicles pulled into the parking lot in front of the building without lights or
sirens. (<u>See</u> <u>id.</u> at ¶ 18.) Unbeknownst to plaintiff and her group, another
9

tenant of the apartment complex had called in a noise complaint to the
Anderson Police Department. (See id.) Ms. Leach's dog left the porch and
10

walked in the direction of the officers, who had exited their patrol vehicles.
(<u>See</u> <u>id.</u> at ¶ 19.) Suddenly, one of the officers yelled that he had allegedly
11

been bitten by Ms. Leach's dog. (<u>See</u> <u>id.</u>) The dog was then retrieved and
taken into Ms. Leach's apartment. (<u>See</u> <u>id.</u>)
12

Plaintiff's dog, which was locked in her vehicle, began barking. (<u>See</u>
<u>id.</u> at ¶ 20.) Plaintiff went to her car to calm down her dog and ensure that it
13

stayed in her vehicle. (<u>See</u> <u>id.</u>)  As she approached her vehicle, defendant
Anderson Police Officer Jeffrey Miley yelled for her to control her dog. (<u>See</u>
14

<u>id.</u>) He told her that he would pepper spray the dog or shoot it if plaintiff did
not control her dog's barking. (<u>See</u> <u>id.</u>) In response, plaintiff reached into the
15

partially open rear window of the vehicle and grabbed hold of her dog's
harness. (<u>See</u> <u>id.</u>)
16

Plaintiff disapproved of the way the officers were performing their
duties in their interactions with her and Ms. Leach. (<u>See</u> <u>id.</u> at ¶ 21.)
17

Accordingly, she criticized the defendants, including Officer Miley and
Sergeant Miller, and expressed her disapproval as to the way they were
18

conducting themselves. (<u>See</u> <u>id.</u>) Without any warning whatsoever, plaintiff
was then thrown against the side of her vehicle, subjected to various uses of
19

force, and handcuffed by Sergeant Miller and Officers Miley and Lee. (<u>See</u>
<u>id.</u> at ¶ 22.)
20

Plaintiff was searched, arrested, and her personal property was
removed from her person. (See id.) She was transported to the Shasta County
21

Jail and booked by defendants for alleged violations of California Penal
Code § 69 (using threats or violence to prevent executive officers from
22

performing their duties or resisting executive officers in the performance of
their duties), California Penal Code § 647(f) (being so intoxicated in a public
23

place that one is unable to care for their own safety or the safety of others),
and California Penal Code § 148(a)(1) (resisting, delaying, or obstructing a
24

law enforcement officer). (<u>See</u> <u>id.</u>) Plaintiff contends that she was
cooperative, spoke calmly, and obeyed the officers' commands at all material
25

times. (<u>See</u> <u>id.</u>) Plaintiff sustained an injury to her left forearm, a clavicle
fracture, and a left finger fracture. (<u>See</u> <u>id.</u> at ¶ 26.)
26

Plaintiff's arrest was made the subject of a criminal prosecution in
Shasta County, California for three misdemeanor counts of a violation of
27

California Penal Code § 148(a)(1). (<u>See</u> <u>id.</u> at ¶ 24.) Plaintiff alleges that
Sergeant Miller and Officers Lee and Miley deliberately and knowingly
28

misrepresented the facts of the incident and/or the behavior of the plaintiff in

their reporting of the incident. (<u>See</u> <u>id.</u>) These alleged misrepresentations were provided to the Shasta County District Attorney's Office with the knowledge and purpose of causing plaintiff to defend herself against criminal charges in order to cover up their own criminal acts. (<u>See</u> <u>id.</u> at ¶ 24.) On September 24, 2020, plaintiff was ultimately acquitted on all three charged counts after a jury trial. (<u>See</u> <u>id.</u> at ¶ 25.)

ECF No. 19, pgs. 2-4.

### B.    <u>Procedural History</u>

Plaintiff initiated this action with a complaint filed on March 2, 2021.  <u>See</u> ECF No. 1.  On April 19, 2021, Defendants moved to dismiss.  <u>See</u> ECF No. 11.  On June 30, 2021, the Court issued a memorandum opinion and order granting the motion to dismiss as to Plaintiff's municipal liability claim.  <u>See</u> ECF No. 19.  Plaintiff was directed to file a first amended complaint.  <u>See</u> <u>id.</u>  Plaintiff filed her first amended complaint on July 20, 2021.  <u>See</u> ECF No. 20. Defendants Miller, Miley, and Lee filed their answer to the first amended complaint on August 3, 2021.  <u>See</u> ECF No. 23.  Defendant City of Anderson moved to dismiss the first amended complaint as to Plaintiff's municipal liability claim on August 3, 2021.  <u>See</u> ECF No. 24.  On December 2, 2021, the Court issued a second memorandum opinion dismissing Plaintiff's municipal liability claim without further leave to amend.  <u>See</u> ECF No. 37.  Defendant City of Anderson filed its answer to the first amended complaint on December 21, 2021.  <u>See</u> ECF No. 39.

On January 25, 2022, the District Judge issued a pre-trial scheduling order for this case.  <u>See</u> ECF No. 43.  Pursuant to that order, discovery shall be completed by April 19, 2023.  <u>See</u> <u>id.</u>  The instant motion to compel is timely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## II. DISCUSSION

2          At issue are the following discovery requests served by Plaintiff on the various

3    defendants:

4          <u>City of Anderson</u>

5          Request for Production Nos. 12, 14, 15, 17, 19, 20, 21, 25.
           Request for Admissions Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.
6          Interrogatory Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13.

7          <u>Miller</u>

8          Requests for Admissions Nos. 11, 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
           Interrogatory No. 12.

9
           <u>Miley</u>
10
           Request for Admissions Nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
11         Interrogatory No. 12.

12         <u>Lee</u>

13         Request for Admissions Nos. 11, 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
           Interrogatory No. 12.
14

15         Consistent with the parties' joint statement, the following discussion is categorized

16   by type of discovery.[1]

17   **A.     <u>Requests for Production</u>**

18         Requests for production of documents were served only on Defendant City of

19   Anderson.  At issue are Defendant City of Anderson's responses to Plaintiff's request for

20   production nos. 12, 14, 15, 17, 19, 20, 21, 25.  The parties' arguments relating to request nos. 12,

21   14, 15, 17, 19, 20, and 21 are largely the same for each request.  <u>See</u> ECF No. 45, pgs. 28-33, 34,

22   35, 36, 37, 38, 39-40.  The parties separately discuss no. 25.  <u>See</u> <u>id.</u> at 40.

23   / / /

24   / / /

25   / / /

26   / / /

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
           [1]       The specific discovery requests and responses are not reproduced in this order
28   because they are numerous, they are outlined in the relevant filings, and the parties are familiar
     with them.

1                              i.        Nos. 12, 14, 15, 17, 19, 20, and 21

2              Parties' Positions

3              Plaintiff's position is that evidence of prior acts of similar misconduct may be

4    introduced under Federal Rule of Evidence 404(b)(2) to prove intent.  See ECF No. 45, pgs. 28-

5    33, 34, 35, 36, 37, 38, 39-40.  According to Plaintiff, intent is relevant to Plaintiff's punitive

6    damages claim.  See id.  Plaintiff concludes that "[d]isciplinary records and complaints of a

7    similar nature, whether substantiated or unsubstantiated, are discoverable."  Id.  Plaintiff also

8    asserts that the information sought is relevant to her state law negligence claim against Defendant

9    City of Anderson based on a theory of negligent hiring and supervision.  See id.

10             Defendants argue the information sought is not admissible under Rule 404(b)(2)

11   because it amounts to improper character evidence.  See id.  Defendants also contend that none of

12   the requested information is relevant following the District Judge's dismissal of Plaintiff's

13   municipal liability claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  See ECF

14   No. 45, pgs. 28-33, 34, 35, 36, 37, 38, 39-40.  Finally, Defendants argue the requests are over

15   broad in time and scope because they call "for all documents reflecting the Defendant officers'

16   violation of 'APD policy' at any time, and in any manner."  Id.  According to Defendants, such

17   information "would presumably include punctuality issues or a failure to keep their boots shined."

18   Id.  Notably, Defendants present no argument in the joint statement to support the objection that

19   the requests seek confidential and sensitive material, other than to ask that they be permitted to

20   redact responsive documents should the Court grant Plaintiff's motion.  See id.

21             At the hearing, defense counsel objected to producing information about Internal

22   Affairs (IA) investigation claims (no. 12) and citizen complaints (no. 14) against the individual

23   defendants.  Defense counsel argues this discovery has been precluded by the District Judge.

24   Defense counsel also contended that Plaintiff has not cited any facts to show how the information

25   sought could relate to the individual officers' intent.  Defense counsel contended Plaintiff is

26   engaging in a fishing expedition for prior IA investigations and complaints in order to prove

27   intent at the time of the incident at issue, which amounts to inadmissible character evidence.

28   / / /

                                              6

1    Plaintiff's counsel argued at the hearing that the documents sought are relevant to

2  support negligence claim against the City of Anderson.  In response, defense counsel argued that

3  this claim is foreclosed under California law, though no such ruling has been made on this

4  specific issue.  Plaintiff's counsel also contended that the District Judge did not rule on the

5  availability of any discovery in the order addressing Plaintiff's <u>Monell</u> claim.

6    <u>Ruling</u>

7    Defendants' relevance objections are unpersuasive.  Primarily, Defendants object

8  that the information is not reasonably calculated to lead to the discovery of admissible evidence in

9  light of the District Judge's <u>Monell</u> ruling.  This misstated the amended discovery standard,

10  which does not focus on the ultimate admissibility of requested discovery, but on the burden of

11  such requests in light of the needs of the case.  <u>See</u> Fed. R. Civ. P. 26.  Because the current

12  discovery standard is not based on relevance, Defendants' objection on this ground should be

13  overruled.  The evidence sought is relevant to the remaining claims, which include negligence

14  and punitive damages claims.  Whether such evidence is admissible is a question that remains for

15  another day.

16    Plaintiff's Rule 404 argument is premature.  In essence, Plaintiff contends that

17  discovery should be ordered because the information sought would be admissible.  Rule 404

18  focuses on the ultimate admissibility of evidence of prior acts in certain limited circumstances.

19  Again, as discussed above, Rule 26 no longer ties the availability of discovery to ultimate

20  admissibility.  Thus, just because discovery might lead to evidence which is admissible under

21  Rule 404 does not mean the discovery should automatically be allowed notwithstanding other

22  valid objections.  Simply put, Plaintiff reaches too far too early with this contention, which is

23  better made in the context of motions in limine.

24    It will be the order of the Court that Plaintiff's motion to compel is granted as to

25  nos. 12, 14, and 17.

26    No. 12 calls for documents related to the individual officers' training and

27  complaint/disciplinary history "through the present date."   This timeframe is overbroad and the

28  Court will limit the request to those responsive documents through the date of arrest.

No. 14 calls for hiring documents.  The timeframe is not relevant because each individual defendant was hired on a particular date and the universe of documents related to that hiring is fixed regardless of the timeframe in the request.

No. 17 is limited to five years prior to the date of arrest.

As to nos. 19, 20, and 21, Defendants have agreed to produce responsive documents and that will be the order of the Court.

Finally, as to no. 15 – which seeks materials related to the individual defendants' training – the Court will grant Plaintiff's motion to compel and order production consistent with Defendants' agreement to provide similar materials related to various policies, including those about police officer training, of the City of Anderson and Anderson Police Department.  As with no. 14, the timeframe is not relevant because the universe of training documents applicable to the individual defendants is fixed.

The Court's order as to nos. 12, 14, 15, and 17 will be without prejudice to further discovery requests being served which seek information after the arrest.

ii.    <u>No. 25</u>

In the joint statement, Defendants agree to provide responsive documents "reflecting the organization of the Anderson Police Department in place at the time of the alleged incident."  ECF No. 45, pg. 40.  At the hearing, Defendants' counsel confirmed this agreement, and the Court will so order.

**B.    <u>Requests for Admissions</u>**

In dispute are the following: (1) responses by Defendant City of Anderson to Plaintiff's request for admission nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12; (2) responses by Defendants Miller and Lee to request for admission no. 11; (3) and responses by Defendants Miller, Miley, and Lee to request for admission nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, and 35.

/ / /

/ / /

/ / /

/ / /

8

1          1.      Responses by Defendant City of Anderson

2          In dispute are Defendant City of Anderson's responses to Plaintiff's request for

3   admission nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.  The parties raise the same arguments relating to

4   request for admission nos. 3, 4, 5, 6, 7, 8, 9, 10, and 11.  See ECF No. 45, pgs. 41-42, 43, 44.  The

5   parties argue no. 12 separately.  See id. at 45.

6                  i.      Nos. 3, 4, 5, 6, 7, 8, 9, 10, and 11

7          Parties' Positions

8          According to Plaintiff, the dismissal of Plaintiff's municipal liability claim has no

9   bearing on these requests.  See id.  Plaintiff states that the requested information is probative of

10  Plaintiff's negligence claim against Defendant City of Anderson.  See id.  Finally, Plaintiff argues

11  that the requests are not vague or ambiguous as to time because they seek "the City's knowledge

12  of its officer's status as of a date certain – Plaintiff's arrest."  Id.  Defendants contend the

13  requested information is not relevant to a state law negligence claim because Defendant City of

14  Anderson is immune under California Government Code § 815(a).  See id.  Defendants also argue

15  the requests are vague "as it is unclear whose knowledge Plaintiff is asking about."  Id.

16         Ruling

17         Request for admissions nos. 3, 4, 5, 6, 7, 8, 9, 10, and 11 are vague and overbroad

18  as to whose knowledge at the City of Anderson is sought and as to when such individual knew of

19  prior lawsuits and/or findings made after an Internal Affairs investigation.  For example, it is

20  unclear whether Plaintiff is asking for an admission that X event happened, or an admission that

21  someone from the City of Anderson knew that X event happened.  Moreover, while the requests

22  are directed to a municipal entity, only individuals can have knowledge of the matters which are

23  the subject of the requests.  In this regard, the requests do not specify whose knowledge is sought

24  and, as Defendants note, they would have to canvass everyone who is or was a city employee

25  prior to the subject incident.  Regarding time, the requests on their face seek knowledge about

26  information "prior to the subject incident" but do not limit this time period in any way, such as by

27  asking for information within the year prior the subject incident.

28  / / /

1    Defendants' objections to request nos. 3, 4, 5, 6, 7, 8, 9, 10, and 11 are sustained
2    and Plaintiff's motion to compel further responses will be denied as to these requests.  This order
3    will be without prejudice to Plaintiff serving more tailored requests.

4                    ii.    No .12

5    Plaintiff argues that Defendants' response is inadequate because it fails to outline
6    the efforts it made to authenticate the document at Exhibit A.  See ECF No. 45, pg. 45.
7    Defendants content that they are not required to interview independent agencies in order to admit
8    or deny a request.  See id. (citing U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675
9    (E.D. Cal. 2006).

10   Defendants' objection is well-taken.  As Defendants stated in their response, the
11   criminal complaint against Plaintiff was filed by the Shasta County District Attorney's Office,
12   which is independent of the City of Anderson.  Moreover, a file-stamped copy of the complaint,
13   which would serve to authenticate the document, can be obtained by Plaintiff from the state court
14   and this Court may take judicial notice of it for purposes of authentication and admission into
15   evidence.

16   Defendants' objections to request no. 12 are sustained and Plaintiff's motion to
17   compel will be denied as to this request.

18                    2.    Responses by Defendants Miller and Lee

19   In dispute are responses by Defendants Miller and Lee to request for admission no.
20   11.

21   Plaintiff contends Defendants' responses are inadequate under Federal Rule of
22   Civil Procedure 36 because they attempt to explain their answer rather than admitting or denying
23   the matter.  See ECF No. 45, pgs. 46-47.  Defendants argue there is no authority in support of
24   Plaintiff's position and that, to the contrary, Rule 36(a)(4) requires a responding party to qualify
25   its answer when it cannot admit or deny in whole.  See ECCF No. 45, pg. 47.  Defendants'
26   position is persuasive.  As Defendants note, Rule 36(a)(4) requires a responding party to "fairly
27   respond," which may include a qualified answer when it cannot admit or deny in whole.
28   Defendants have done that here by explaining that it cannot admit or deny in whole and that

1   whether "insulting" an officer is not a crime depends on the circumstances.  Defendants have

2   fairly responded and Plaintiff's motion to compel will be denied as to request for admission no.

3   11.

4               3.      Responses by Defendants Miller, Miley, and Lee

5               In dispute are responses by Defendants Miller, Miley, and Lee to request for

6   admission nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, and 35.  The parties raise the same

7   arguments as to request for admission nos. 13, 14, 15, 16, 18, 20, and 21.  See ECF No. 45, pgs.

8   47-52, 53-56.  The parties renew arguments discussed above regarding dismissal of Plaintiff's

9   Monell claim with respect to nos. 34 and 35.  See id. at 58-59.  Request nos. 19 and 29 are

10  discussed separately.  See id. at 52-53, 56-57.

11                  i.      Nos. 13, 14, 15, 16, 18, 20, and 21

12              As to these requests, Plaintiff generally contends Defendants' responses fail to

13  "fairly respond" to the matters.  See ECF No. 45, pgs. 47-52, 53-56.  Defendants argue that the

14  requests violate Rule 36(a)(1), which allows inquiry only into "facts, the application of law to

15  fact, or opinions about either."  See id.

16              Defendants' position is persuasive.  Plaintiff's request nos. 13, 14, 15, 16, and 18

17  do not ask about facts of the case.  They also do not inquire about application of the facts of the

18  case to the law.  Moreover, as Defendants also note, an officer's subjective belief plays no role in

19  the Fourth Amendment analysis.  See United States v. Ramirez, 473 F.3d 1026, 1030 (9th Cir.

20  2007).  Finally, it is axiomatic that Plaintiff had the right to be free from unreasonable searches,

21  unreasonable seizures, use of excessive force, and wrongful prosecution. The Court finds that the

22  requests seek legal conclusions to the extent they seek admissions that constitutional rights were

23  violated.  As to whether Plaintiff has constitutional rights, the responses are adequate.

24              Plaintiff's motion to compel will be denied as to Defendants' responses to request

25  for admission nos. 13, 14, 15, 16, 18, 20, and 21.

26  / / /

27  / / /

28  / / /

11

1          ii.      No. 19

2                  According to Plaintiff, Defendants have not adequately responded because their

3    responses use the word "unlawful" whereas the request uses the word "crime."  See ECF No. 45,

4    pg. 53.  Defendants contend there is no meaningful distinction and that they have fairly

5    responded.  See id.  Defendants' position is persuasive.  The Court does not agree.  Plaintiff's

6    motion to compel will be granted because Defendants have responded with reference to

7    "unlawful" and not to the question regarding the specific inquiry into "crime."  Defendants shall

8    either admit or deny in the context of "crime."

9          iii.     No. 29

10                 At the hearing, Plaintiff's counsel clarified that the incident date is August 31,

11   2019, and defense counsel agreed that this date is not in dispute.  Plaintiff's motion to compel will

12   be granted as to no. 29.

13         iv.      Nos. 34 and 35

14                 As discussed above, dismissal of Plaintiff's Monell claim against Defendant City

15   of Anderson does not render Plaintiff's state law claims against the municipality moot.  In any

16   event, the proper standard for discovery is no longer whether a discovery request is reasonably

17   calculated to lead to admissible discovery.  It is now whether the discovery sought is

18   proportionate to the need of the case.  See Fed. R. Civ. P. 26.  Here, request nos. 34 and 35 –

19   which simply ask the individual Defendants to admit or deny that they were defendants in a prior

20   or subsequent lawsuit – meets this reduced standard for discovery.

21                 The Court finds that Plaintiff is entitled to responses to these requests in the form

22   of either an admission or denial that the individual defendants were named in other lawsuits in

23   their capacities as law enforcement officers.  Plaintiff's motion to compel will be granted as to

24   request for admission nos. 34 and 35.

25   / / /

26   / / /

27   / / /

28   / / /

12

1      **C.     Interrogatories**

2              In dispute are the following: (1) Defendant City of Anderson's responses to

3      Plaintiff's interrogatory nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13; and (2) responses by Defendants

4      Miller, Miley, and Lee to interrogatory no. 12.

5                      1.      Responses by Defendant City of Anderson

6              At issue are responses by Defendant City of Anderson to interrogatory nos. 4, 5, 6,

7      7, 8, 9, 10, 11, 12, and 13.  The parties raise the same arguments as to nos. 4, 5, 6, 7, 8, 9, 10, 11,

8      and 12.  See ECF No. 45, pgs. 55-65.  The parties discuss no. 13 separately.  See id. at 66

9                              i.      Nos. 4, 5, 6, 7, 8, 9, 10, 11, and 12

10             Plaintiff contends the information sought is relevant to its state law claims against

11     the City of Anderson notwithstanding dismissal of her Monell claim.  See ECF No. 45, pgs. 55-

12     65.  Defendant City of Anderson contends: (1) the request is ambiguous as to who at the City of

13     Anderson is being asked to provide information; and (2) over broad for the same reason as

14     responding would require Defendant to canvass every single city employee for responsive

15     information.  See id.

16             The latter objection has been sustained as to other discovery directed to the City of

17     Anderson in this case and will be sustained here.  Though Plaintiff's counsel stated at the hearing

18     that "YOU," as used in the request, does not refer to everyone who works for the City of

19     Anderson, Plaintiff's definition of the term in the interrogatories indicates otherwise.

20     Specifically, Plaintiff defines "YOU" to include all employees.  Plaintiff will need to more

21     carefully tailor these requests.

22                              ii.      No. 13

23             As indicated above, Defendants have not denied any request for admission and

24     further responses to requests for admissions are not warranted.  The Court, however, reminds

25     Defendants of their obligation to supplement their response to no. 13 should they ultimately deny

26     any requests for admission in further responses ordered here.

27     / / /

28     / / /

1          2.          <u>Responses by Defendants Miller, Miley, and Lee</u>

2                    At issue are responses by Defendants Miller, Miley, and Lee to interrogatory no.

3    12.  Defendants' objection is overruled because, as discussed above, dismissal of Plaintiff's

4    <u>Monell</u> claim does not end the inquiry into the topics which are the subject of this interrogatory.

5    The information sought may still be relevant to Plaintiff's state law claims against the City of

6    Anderson for failure to adequately train and/or supervise.  Plaintiff's motion to compel will be

7    granted as to the individual defendants' responses to Interrogatory No. 12.

8

9                              **III.  CONCLUSION**

10                   Accordingly, IT IS HEREBY ORDERED that:

11          1.          Plaintiff's motion to compel, ECF No. 44, is granted in part and denied in

12   part as follows:

13                              a.          Requests for production to Defendant City of Anderson,
14                                          nos. 12, 14, 15, 17, 19, 20, 21, and 25 – **GRANTED**.

15                              b.          Requests for admissions to Defendant City of Anderson
                                            nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 – **DENIED**.

16                              c.          Requests for admissions to Defendants Miller and Lee
17                                          no. 11 – **DENIED**.

18                              d.          Requests for admissions to Defendants Miller, Miley, and
                                            Lee nos. 13, 14, 15, 16, 18, 20, and 21 – **DENIED.**

19                              e.          Requests for admissions to Defendants Miller, Miley, and
20                                          Lee nos. 19, 29, 34, and 35 – **GRANTED.**

21                              f.          Interrogatories to Defendant City of Anderson nos. 4, 5, 6,
                                            7, 8, 9, 10, 11, 12, and 13 – **DENIED.**

22                              g.          Interrogatories to Defendants Miller, Miley, and Lee no. 12 –
23                                          **GRANTED.**

24          2.          Within 30 days of the date of this order, Defendant City of Anderson shall:

25                   - serve responsive documents to nos. 12 through the date of arrest.

26                   - serve responsive documents to no. 14.

27                   - serve responsive documents to no. 15.

28                   - serve responsive documents to no. 17 for five years prior to the date of
                     arrest.

1    - serve responsive documents to nos. 19, 20, and 21.

2    - serve responsive documents to no. 25 as agreed.

3              3.        Within 30 days of the date of this order, Defendants Miller, Miley, and Lee

4    shall:

5    - serve a supplemental response to request for admission no. 19, 29,
     34, and 35.

6    - serve a supplemental response to interrogatory no. 12.

7

8              4.        Plaintiff has filed a declaration in support of an award of reasonable costs.

9    Defendants may file a response within 14 days of the date of this order, and Plaintiff may file a

10   reply within seven says after service of Defendants' response.

11

12   Dated:  August 22, 2022

13   _____
     DENNIS M. COTA

14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15