IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESE L. LESHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANDERSON, et al.,<br><br>　　　　Defendants. | No. 2:21-CV-0386-WBS-DMC<br><br><br><br>ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is a request for reasonable expenses for costs associated with a motion to compel, brought under Federal Rule of Civil Procedure 37(a)(5).

## I. BACKGROUND

　　　　Plaintiff filed a motion to compel further discovery responses from Defendants. ECF No. 44. At issue was the following:

　　　　City of Anderson (City)

　　　　Request for Production Nos. 12, 14, 15, 17, 19, 20, 21, 25.
　　　　Request for Admissions Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.
　　　　Interrogatories Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13.

　　　　Miller

　　　　Requests for Admissions Nos. 11, 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
　　　　Interrogatory No. 12.

1

       Miley

       Request for Admissions Nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
       Interrogatory No. 12.

       Lee
       Request for Admissions Nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, 35.
       Interrogatory No. 12.

       Following a hearing, the Court granted the motion to compel in part and denied the motion in part. See ECF No. 56. Specifically, the Court directed Defendants to serve supplemental responses and produce documents in response to Plaintiff's requests for production of documents nos. 12, 14, 15, 17, 19, 20, 21, and 25 propounded to the City, serve supplemental responses to Plaintiff's request for admission nos. 19, 29, 34, and 35 propounded to Miller, Miley, and Lee, and respond to interrogatory no. 12 propounded to Miller, Miley, and Lee; the Court otherwise denied the requests. See id. at 14-15. The Court also directed the parties to file briefs regarding reasonable expenses. See id. The parties did so. See ECF Nos. 54, 55, 57, and 58.

## II. DISCUSSION

       Plaintiff seeks an award of expenses associated with the entire motion to compel. According to Plaintiff's counsel, attorney Sanjay Schmidt spent 12.7 hours and attorney Panos Lagos spent 44.65 hours associated with the motion. See ECF Nos. 54-1 (Lagos declaration) and 54-2 (Schmidt declaration). Attorney Lagos states that his in-forum reasonable rate is $400.00 per hour. See ECF Nos. 58-2 (supplemental Lagos declaration). Attorney Schmidt stated that his in-forum reasonable rate is $300.00 per hour. See ECF No. 58-3 (supplemental Schmidt declaration).

       In opposition to Plaintiff's request for reasonable expenses, Defendants argue: (1) an award of expenses is not warranted because Defendants' position was substantially justified; (2) Defendants are entitled to an award of reasonable expenses under the apportionment provision of Rule 37(a)(5)(C) because Defendants partially prevailed; and (3) if the Court is inclined to award reasonable expenses to Plaintiff, such an award should be reduced because some of the fees claimed by Plaintiff's counsel are unsupported. See ECF No. 57. Defendants'

counsel did not submit timesheets or hourly rate information in support of their request for apportioned expenses.[1]

The prevailing party in a motion to compel may seek reasonable expenses incurred in making the motion, including attorney's fees. See Fed. R. Civ. P. 37(a)(5). A party may recover part of its reasonable expenses if only part of its motion is granted. See Fed. R. Civ. P. 37(a)(5)(C). The prevailing party is entitled to expenses unless the non-prevailing party's contention was substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). A contention is substantially justified if there is a "genuine dispute" or if reasonable people could differ as to the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Most of the discovery dispute hinged on the impact of the District Judge's dismissal of Plaintiff's Monell claims against the City. See id. at 6. Plaintiff asserted that even though its Monell claims had been dismissed, it was still entitled to all the discovery sought prior to the dismissal of the claims. See ECF No. 45 at 13. According to Plaintiff, the information was still relevant to punitive damages and its state law claims against the City for its failure to adequately train or supervise. Id. Defendants disagreed and argued that the dismissal of the Monell claims should narrow the scope of discovery.

The Court ultimately agreed with Plaintiff that dismissal of the Monell claims did not narrow the scope of discovery. Id. at 7. Although information such as prior acts of misconduct would no longer be relevant to a Monell claim, the information was still relevant to prove intent and so was relevant to Plaintiff's punitive damages claim. Id. at 6.

///
///

---

[1] Defense counsel merely states: "If the Court is inclined to award attorney fees to the parties' counsel for the split decision, Defendants' counsel also asks for the ability to submit their billing time sheets along with evidence of their hour rate to obtain reimbursement of their attorney fees for the parts of the motion where they were successful." ECF No. 47, pg. 14. The Court denies this request. In the order addressing Plaintiff's discovery motion, the Court provided the parties an opportunity to brief the issue of reasonable expenses. This would have included Defendants' current argument for apportionment. Defendants have thus had an opportunity to brief the issue.

Although the Court ruled in Plaintiff's favor, Plaintiff can only recover if Defendants' objection was not substantially justified. See Fed. R. Civ. P. 37(a)(5)(A)(ii). The Court finds there was a genuine dispute as to whether dismissal of the Monell claims limited the scope of discovery, and Defendant's objection was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). The District Judge dismissed with prejudice Plaintiff's Monell claims involving the City having unconstitutional customs or policies, ratifying constitutional violations, and failing to train. ECF No. 19. It is reasonable to argue that the dismissal of the claims impacted the need for the discovery directly relevant to those claims. See Fed. R. Civ. P. 26 ("Parties may obtain discovery . . . relevant to any party's claim or defense and proportional to the needs of the case. . . ."). Although Plaintiff successfully argued that the information sought was still tangentially relevant to its remaining claims, the shifting needs of the case and relevance of the information created a genuine dispute.

The Court considers below in detail whether each of Plaintiff's reasonable expenses should be recovered on each part of the motion to compel. The Court also considered the issue of apportionment.

### A. Entitlement to Award

1. Requests for Production from the City

The parties disputed whether requests for production of documents nos. 12, 14, 15, 17, 19, 20, 21, and 25 from the City were appropriate. ECF No. 56. at 5.

For the requests, the disputes were largely the same. Id. Plaintiff contended that evidence of prior acts of similar misconduct were relevant to prove intent, which was relevant the punitive damages claim. Id. Defendants argued that the evidence amounted to improper character evidence, the dismissal of the Monell claims had narrowed the scope of discovery, and the requests overbroad in time and scope. Id.

The Court ordered that requests nos. 12 and 17 be compelled but placed limitations on the requests. Id. at 7-8. Each request was narrowed, as otherwise they were overbroad. Id. Although the requests were granted, Defendant successfully objected that the requests were overbroad, and so costs cannot be recovered for the requests. See Fed. R. Civ. Pro. R.

1  37(a)(5)(ii).

2  The Court ordered request no. 14 and 15 be compelled without placing any further limitations. ECF No. 56 at 8.  The requests were for hiring documents and for materials related to the defendants' training.  Id.  As discussed above, Defendants were reasonable in objecting that the documents were no longer relevant in light of the dismissal of the Monell claims.  Id.  Because Defendants brought substantially justified objections, costs cannot be recovered for the requests.  See Fed. R. Civ. Pro. R. 37(a)(5)(ii).

At the hearing, Defendants agreed to produce responsive documents to requests nos. 19, 20, 21, and 25.  Id. at 8.  The Court ordered Defendants to do so.  Id.

On this record, the Court finds that Plaintiff qualifies to recover for this part of the motion to compel. See Fed. R. Civ. Pro. R. 37(a)(5)(A).

### 2. Requests for Admissions from the City

Plaintiff sought admissions from the City.  ECF No. 56 at 8.  The parties disputed whether admissions nos. 3-12 were appropriate.  See id. at 8.

For nos. 3-11, the Court ruled that the requests for admissions were vague and overbroad.  Id.  The requests were denied without prejudice to more tailored requests.  Id. at 10.  Because the requests were denied, Plaintiff cannot recover costs for those requests.  See Fed. R. Civ. Pro. R. 37(a)(5).

For no. 12, Plaintiff sought to have the City authenticate a document.  See id.  The City properly objected that it had no obligation to interview an independent agency to authenticate the document.  See id.  The Court denied the motion to compel no. 12.  Id.

Because the request was denied, Plaintiff cannot recover costs for the request.  See Fed. R. Civ. Pro. R. 37(a)(5).  There was no substantial justification for the request, as an authenticated version of the document could have been obtained by Plaintiff.  See ECF no. 56 at 10.

///

///

///

### 3. Requests for Admissions by Defendants Miller and Lee

Plaintiff argued that Defendants Miller and Lee did not properly respond to request for admission no. 11. Id. Defendants attempted to explain their answer rather than admitting or denying the matter, which Plaintiffs claimed violated Federal Rule of Civil Procedure 36. Id. The Court found otherwise, as Rule 36(a)(4) requires a responding party to qualify its answer when it cannot admit or deny in whole. Id.

Because the request was denied, Plaintiff cannot recover costs for the request. See Fed. R. Civ. Pro. R. 37(a)(5). There was no substantial justification for the request, as Rule 36(a)(4) is clear that a party may explain an answer if it cannot truthfully admit or deny it.

### 4. Requests for Admissions by Defendants Miller, Miley, and Lee

Defense disputed admissions nos. 13, 14, 15, 16, 18, 19, 20, 21, 29, 34, and 35. ECF no. 56 at 11.

The Court agreed with Defendant that the requests nos. 13, 14, 15, 16, 18, 20, and 21 did not ask about the facts of the case or about the application of the facts of the case to the law. Id. at 11. The requests were in violation of Rule 36(a)(1), and so were denied. Id. Because the requests were denied, Plaintiff cannot recover costs for those requests. See Fed. R. Civ. Pro. R. 37(a)(5). Because the requests were outside the scope of Rule 36(a)(1), Plaintiffs were not substantially justified in their requests.

The Court agreed with Plaintiff that request no. 19 was not adequately responded to by Defendants. Id. at 12. The Defendants responded with the word "unlawful" where the request uses the word "crime." Id. The Court agreed with Plaintiff that there is a meaningful distinction between the two words and compelled Defendants to respond appropriately. Id. The Court finds that falsely equivocating "unlawful" and "crime" was not substantially justified, as there is an obvious and clear distinction between the two words, and so Plaintiff qualifies to recover for this part of the motion to compel. See Fed. R. Civ. Pro. R. 37(a)(5)(A).

At the hearing, Plaintiff clarified a date for request no. 29. Id. Defendant did not dispute the date, so the Court compelled the request. Id.

///

6

1          Requests nos. 34 and 35 sought to have the Defendants respond to whether they were named in other lawsuits in their capacities as law enforcement officers. Id. Defendants objected because of the District Judge's Monell ruling. Id. The Court agreed with Plaintiff that the requests were still appropriate because the requests were proportionate to the needs of the case. See id. The Court granted the motion to compel for requests nos. 34 and 35.

          As previously discussed, Defendants were substantially justified in objecting based on the dismissal of the Monell claims. Because there was substantial justification for objecting, Plaintiff cannot recover costs for the request. See Fed. R. Civ. Pro. R. 37(a)(5)(ii).

### 5. Requests for Interrogatories from the City

          The parties disputed responses to interrogatories nos. 4-13. Id. at 13.

          The Court found in favor of Defendants for nos. 4-12, holding that the requests were overbroad. Id. Defendants did not deny a request for admission for no. 13, but further responses were not warranted. Id.

          Because the requests were denied, Plaintiff cannot recover costs for those requests. See Fed. R. Civ. Pro. R. 37(a)(5).

### 6. Requests for Interrogatories from Miller, Miley, and Lee

          Defendants argued that interrogatory no. 12 was irrelevant based on dismissal of the Monell claims. Id. The Court found in favor of Plaintiff, as the interrogatory sought information that may still be relevant to the remaining state law claims. Id. Because there was substantial justification for objecting, Plaintiff cannot recover costs for the request. See Fed. R. Civ. Pro. R. 37(a)(5)(ii).

**B.     Apportionment**

          When a motion to compel is granted in part and denied in part, the court may apportion reasonable expenses for the motion. Civ. Pro. R. 37(a)(5)(C).

          Plaintiff's requests that were granted that were not opposed with substantial justification were requests for production from the City nos. 19, 20, 21, and 25 and requests for Admissions by Defendants Miller, Miley, and Lee nos. 19 and 29. See ECF No. 56 at 8, 12. Except for request no. 29, Defendants did not oppose responding to the requests at the hearing.

See id.

Defense successfully argued against Plaintiff's: (1) requests for admissions from the City nos. 3-12; (2) requests for admission by Defendants Miller and Lee no. 11; (3) requests for admissions by Defendants Miller, Miley, and Lee nos. 13, 14, 15, 16, 18, 20, 21, 34, and 35; and (4) requests for interrogatories from the City nos. 4-12. Id. at 8, 10, 11, 13. Many of Plaintiff's requests were not substantially justified.

On balance, Defendants prevailed on the majority of the discovery dispute. However, when given the opportunity they declined to provide a billing time sheet. Without Defenses' true costs, the Court cannot grant Defense any costs associated with the motion to compel. However, it would be unjust to grant Plaintiff costs because Defense prevailed on the majority of matters where argument was not substantially justified. The Court will deny granting costs to either party. See Fed. R. Civ. Pro. R. 37(a)(5)(iii).

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that neither party is awarded costs under Federal Rule of 37 with respect to the motion to compel at ECF No. 44.

Dated:  January 9, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE