**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel. (415) 563-8583
Fax (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
6569 Glen Oaks Way
Oakland, CA 94611
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panos@panoslagoslaw.com

*Attorneys for Plaintiff,*
**THERESE L. LESHER**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESE L. LESHER**, | Case No. 2:21-cv-00386-WBS-DMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENT PURSUANT TO L.R. 141** |
| vs. | |
| **CITY OF ANDERSON,** et al., | |
| Defendants. | |

Currently before the Court is Plaintiff's Request to Seal the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief.

### I.     RELEVANT BACKGROUND

Plaintiff's action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff has further invoked the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law. Both

parties have demanded a jury trial which is set to proceed on July 22, 2025, before the Honorable William B. Shubb.

The exhibits to the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief contain information designated as Protected Material pursuant to the Court's August 3, 2021, protective order (ECF No. 22). Specifically, the exhibits to the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief contain information from one of the law enforcement officer's personnel file.

## II.     LEGAL STANDARD

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b). The "showing required by law" referred to by our Local Rule is a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. *Id*. The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record; and, (2) articulate the factual basis for sealing the record, without relying on hypothesis or conjecture. *Id*. at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id*. at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.' " *Id*. (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." *Id*.

## III.     DISCUSSION

Plaintiff's Request to Seal the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief asserts that the exhibits to the Declaration contain information designated as Protected Material pursuant to the Court's August 3, 2021, protective order (ECF No. 22). Specifically, the

exhibits to the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief contain information from one of the law enforcement officer's personnel file.

Pursuant to Penal Code section 832.7(a), "…the personnel records of peace officers and custodial officers and records maintained by a state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."

The court has reviewed the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief in camera and finds that the Declaration does contain Protected Material pursuant to the Court's August 3, 2021, protective order (ECF No. 22). Further, disclosing the Protected Material to the public would violate Penal Code section 832.7(a). These considerations justify the requested filing of the the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief under seal. Accordingly, Plaintiff's Request to file the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief under seal is granted.

**IV.    ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Request to Seal the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief is granted;

2. The Clerk is instructed to file the Declaration of Panos Lagos in Support of Plaintiff's Trial Brief under seal;

3. The Declaration of Panos Lagos in Support of Plaintiff's Trial Brief shall be maintained under seal until the conclusion of this case and any appellate proceedings, at which time only the Court will have access to them.

IT IS SO ORDERED.

Dated:  July 9, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE